FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 MAR 13 P 12:00
CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LISA ALBOUGH and TERESA WOLFF,
as Guardians for DIANA L.
EBERSOLE,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.

CV 106-200

## ORDER

The underlying complaint in this case, brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671 *et seq.*, and 28 U.S.C. § 1346(b), concerns the allegedly negligent medical care received by Diana L. Ebersole while she was a patient at the Dwight D. Eisenhower Medical Center ("Eisenhower") at Fort Gordon, Georgia. (Compl. ¶¶ 5-7.) Presently, Defendant moves for summary judgment on Plaintiffs' medical malpractice claim. Upon consideration of the parties' briefs and the relevant law, the motion is **GRANTED**.

DHB (34)    CCC:

## I. BACKGROUND

In 1992, Ms. Ebersole began her long-time treatment with mental health professionals at Eisenhower, including Doctors Timothy D. Sheehan and James L. Spinelli. Dr. Sheehan's last two appointments with Ms. Ebersole were on March 27, 2001, and March 29, 2001, at which time she indicated that she was moving to Indiana to live with one of her sisters.

On March 26, 2003, Ms. Ebersole, through counsel, filed an administrative claim with the Department of the Army alleging that she had been "severely overmedicated" by Dr. Sheehan while she was his psychiatric patient. (Mot. for Summ. J., Ex. C.) She further alleged that "Dr. Sheehan participated in an illicit relationship" with her. (Id.) Ms. Ebersole claimed to have suffered physical and emotional injuries. (Id.)

During the administrative claim process, Ms. Ebersole did not provide requested information about what she meant by an "illicit relationship." She also did not provide a copy of any expert report as requested. (See id., Exs. D-F.) Her claim was denied on November 15, 2004.

On December 15, 2006, Plaintiffs, as guardians for Ms. Ebersole, filed the instant case, seeking $5,000,000 in pain and suffering. Specifically, Plaintiffs allege that Defendant "over-prescrib[ed] medications which rendered [Ms. Ebersole]

non-functional and also vulnerable to unwanted and improper sexual relations with a certain professional." (Compl. ¶ 5.)

A Scheduling Order was entered in the case on March 23, 2007, which set the deadline for Plaintiffs to furnish any expert witness report by May 7, 2007. The Scheduling Order also emphasized that any witness known prior to the close of discovery and undisclosed will not be allowed.[1] Plaintiffs never identified an expert witness. Moreover, Plaintiffs did not provide the mandatory Initial Disclosures to Defendant under Federal Rule of Civil Procedure 26(a)(1)(A), which requires the disclosure of all persons likely to have discoverable information. Discovery in the case closed on July 3, 2007. Plaintiffs did not conduct any depositions or serve any written discovery requests. Further, Plaintiffs did not respond to the written discovery served upon them by Defendant.

The motion for summary judgment was filed on August 2, 2007. Defendant contends that it is entitled to summary judgment because Plaintiffs' claim of medical negligence is not supported by expert testimony. Defendant adds that any claim involving Ms. Ebersole is likely barred by the statute of limitation for filing administrative claims.

---

[1] The Court used bold, capital letters, set apart from the rest of the text, to emphasize the importance of disclosing witnesses prior to the close of discovery. (See Order of March 23, 2007.)

3

On September 25, 2007, Plaintiffs filed a cursory response and attached an affidavit of Dr. Timothy C. McFadden. Dr. McFadden opines that Ms. Ebersole "was overmedicated and/or at times inappropriate medication was given and that she suffered injury as a result." (Pls.' Resp. to Mot. for Summ. J., Ex. A.) Plaintiffs claim that Dr. McFadden is a treating physician that need not file an expert report.[2]

## II. MOTION FOR SUMMARY JUDGMENT

The Clerk has given Plaintiffs notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default. (Doc. no. 12.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985), are satisfied. The time for filing materials in opposition has expired, and the motion is ripe for consideration.

While this case is before the Court on a motion for summary judgment, the central issue is whether Dr. McFadden may be used as Plaintiffs' expert witness in the case.

_____

[2] In response to the motion for summary judgment, Plaintiffs abandon any claim of "battery and sexual battery." (Pls.' Resp. to Mot. for Summ. J., at 2.) Accordingly, the only remaining claim is one of medical negligence.

4

Because medical negligence must be shown by expert testimony,[3] the exclusion of Dr. McFadden's testimony would entitle Defendant to summary judgment since Plaintiffs will be unable to prove their claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (holding that summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an essential element to the case); Gonzalez v. Lee County Housing Auth., 161 F.3d 1290, 1294 (11th Cir. 1998) ("If the non-moving party fails to 'make a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' then the court must enter summary judgment for the moving party." (quoted source omitted)).

In this case, Plaintiffs' presentation of Dr. McFadden's affidavit in response to a summary judgment motion is the first time Plaintiffs disclosed him as a witness of any kind. This belated attempt to use Dr. McFadden to defeat summary

---

[3] Under Georgia law, the medical malpractice plaintiff must overcome the presumption that a physician performs his healing art in an ordinarily skillful manner. McClure v. Clayton County Hosp. Auth., 176 Ga. App. 414, 416 (1985). Expert medical testimony is ordinarily required to overcome the presumption. Beach v. Lipman, 276 Ga. 302, 305-06 (2003); see also Smith v. American Transitional Hosps., Inc., 330 F. Supp. 2d 1358, 1361 (S.D. Ga. 2004) (recognizing that Georgia law requires competent expert testimony to establish a breach of the applicable standard of care and that the breach is the proximate cause of injury).

judgment contravenes the disclosure requirements of Rule 26(a) and this Court's Scheduling Order.

With respect to Plaintiffs' argument that Dr. McFadden is a treating physician who need not file an expert report under Rule 26(a)(2)(B), I note that Rule 26(a)(2)(A) requires Plaintiffs to disclose the identity of any witness who will offer opinion testimony under Federal Rules of Evidence 702, 703 or 705, regardless of whether the expert is retained or not. Plaintiffs not only failed to make such disclosure, they failed to offer any explanation for the failure.

Further, under Rule 26(a)(2)(B), courts must look to the scope and substance of the proposed testimony to determine whether the expert, particularly a treating physician, is required to file an expert report. When a treating physician goes beyond the observations and opinions obtained by treating the individual and expresses opinions acquired or developed in anticipation for trial, the treating physician may need to provide an expert report. See, e.g., Bell v. Columbia St. Mary's Hosp. Milwaukee, Inc., 2008 WL 163671 (E.D. Wis. Jan. 16, 2008); Trejo v. Franklin, 2007 WL 2221433 (D. Colo. July 30, 2007); Baratta v. City of Largo, 2003 WL 25686843 (M.D. Fla. 2003); Wreath v. United States, 161 F.R.D. 448 (D. Kan. 1995); Salas v. United States, 165 F.R.D. 31 (W.D.N.Y. 1995). In this case, Plaintiffs offer no explanation of who Dr. McFadden is and provide no detail regarding the nature or

6

duration of his treatment of Ms. Ebersole. By his affidavit, it appears that Dr. McFadden's opinion is based solely upon his independent review of medical records and not upon his treatment of Ms. Ebersole. Clearly, he has surpassed the role of treating physician and thus is required to file an expert report under Rule 26(a)(2)(B).

Under Rule 37(c)(1), a party who fails to identify a witness as required by Rule 26(a), as here, is not allowed the use the witness as evidence on a motion "unless the failure was substantially justified or is harmless." Plaintiffs in this case have offered no evidence or explanation that substantially justifies their failure to disclose Dr. McFadden. Accordingly, Dr. McFadden's affidavit must be stricken from the record of the case.

### III. CONCLUSION

Upon the foregoing, **IT IS ORDERED** that Defendant's motion for summary judgment is hereby **GRANTED**. The Clerk is instructed to **CLOSE** this case and **ENTER JUDGMENT** in favor of Defendant. Costs are taxed against Plaintiffs.

**ORDER ENTERED** at Augusta, Georgia this 13th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE